Larry BURTON, Plaintiff–
Appellant (99–3777),

v.

Eugene I. SELKER; Mark Selker; Phillip C. Furber; Selker & Furber, Defendants–Appellees (99–3777).

Jerry Lawler, Plaintiff (99–3778),

v.

Larry Burton, Defendant–
Appellant (99–3778),

Eugene I. Selker; Mark Selker; Phillip C. Furber; Selker & Furber, Defendants–Appellees (99–3778).

XL Sports, Ltd., Plaintiff–
Appellant (99–3779),

v.

Larry Burton, Jason T. Bertman, et al., Defendants (99–3779),

Jerry Lawler; Stacy Carter; Hazel Lawler; Mariana Zuk; Elliot Pollack; David Lilly; Roberta A. Bertman, Defendants–Appellees (99–3779).

XL Sports, Ltd., Plaintiff–
Appellee (00–3095),

v.

Larry Burton, Jason T. Bertman, Defendants–Appellants (00–3095),

Jerry Lawler; Stacy Carter; Hazel Lawler; Mariana Zuk; Elliot Pollack; David Lilly; Roberta A. Bertman, Defendants (00–3095).

Nos. 99–3777, 99–3778, 99–3779, 00–3095.

United States Court of Appeals,
Sixth Circuit.

Feb. 19, 2002.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH,* District Judge.

BATCHELDER, Circuit Judge.

Before us in this consolidated appeal are orders issued in three separate cases, all of which arise from what the district court characterized as "a complex series of transactions" involving Larry Burton's scheme to purchase the United States Wrestling Association ("USWA") and re-sell it at a hefty profit. A brief and by no means exhaustive review of the facts in these cases reveals that those transactions included Burton's contract with Mark Selker whereby Selker would produce and merchandise consumer products of the USWA; Burton's joint venture with Mark Selker and Selker's company, XL Sports, for the purpose of acquiring 100% of the USWA from Jerry Lawler for $2 million, half of which would come from Selker and XL Sports; a written agreement with attorney Eugene Selker, Mark Selker's father, attorney and business partner, whereby Eugene Selker agreed to represent Burton with regard to acquisition of

---

* The Honorable Sandra S. Beckwith, United States District Court for the Southern District of Ohio, sitting by designation.

the USWA and Burton expressly waived any and all conflicts of interest that Eugene Selker had by virtue of his relationship with Mark Selker: and a side deal–unknown to the Selkers–between Burton, Lawler and Jerry Jarrett, whereby Burton brokered Lawler's acquisition of Jarrett's 50% ownership of the USWA at a price considerably below the value at which Burton and Mark Selker were to acquire the USWA and for which Burton got a $62,500 commission.

During this tangled course of dealings, Burton claims to have spoken with Vince McMahon, the chief executive officer of the World Wrestling Federation, who, according to Burton, expressed interest in purchasing the USWA for $6 to $8 million. Because McMahon would not be interested in a deal that included Mark Selker's contract to merchandise USWA products, Burton attempted to get Selker to rescind the contract. Selker refused. Meanwhile, Burton paid no money to Lawler for the purchase of the USWA, but Selker, through XL Sports did.

Eventually, Burton brought suit against the Selkers and Eugene Selker's law firm for legal malpractice, interference with business and fraud. The Selkers counterclaimed in that action for fraud, conversion, RICO violations and conspiracy to injure business. Lawler filed suit against the Selkers and Burton claiming breach of contract, malicious prosecution, tortious interference with business, defamation, and unlawful practice of law; the Selkers counterclaimed against Lawler and cross-claimed against Burton (in his own name and numerous aliases) for fraud, conversion, RICO violations and conspiracy to injure business; and Burton cross-claimed for RICO violations. XL Sports sued Burton and various of his relatives (whom for ease of reference we will simply refer to as "Burton"), Lawler, Elliot Pollock (Burton's

original attorney), and assorted other individuals for conspiracy to injure business, fraud, conversion and RICO violations; Burton counterclaimed with his RICO charges, and attempted to cross-claim on the RICO charges against the Selkers (who were not parties to the XL Sports action).

The district court consolidated the three cases, granted summary judgment in favor of the Selkers on Burton's claim for legal malpractice, dismissed some of XL Sports's and the Selkers' RICO claims, dismissed XL Sports's interference with business claims, denied XL Sports's motion to amend its complaint and brought the remaining claims to jury trial.

At trial, the district court granted a directed verdict to the Selkers on Burton's RICO claims. The jury found in favor of the Selkers on Burton's fraud and conversion claims; in favor of the Selkers and XL Sports on their RICO claims against Burton; in favor of XL Sports on its fraud and conversion claims against Burton; in favor of Lawler on XL Sports' conversion and fraud claims; in favor of XL Sports on Burton's conversion and fraud claims; in favor of Burton on the Selkers' fraud claim; in favor of Lawler on the Selkers' fraud claim. The court directed a verdict in favor of Lawler on Lawler's breach of contract claim against Burton.

In four separate appeals, consolidated here, Burton and XL Sports appeal the various jury verdicts and judgments of the district court that are adverse to them.

We have carefully reviewed the briefs and the portions of the record provided to us in these consolidated appeals. We note that except for the Selkers' brief filed in Appellate Case No. 99–3777, the briefs in these matters make virtually no attempt to provide a straightforward account of the proceedings in the trial court, and the Joint Appendices are neither complete nor

well organized. However, after wading through the considerable volume of materials and having had the benefit of oral argument, we are persuaded that there is considerably less to these appeals than meets the eye and that no jurisprudential purpose would be served by our issuing a full opinion. The district court carefully and accurately set out both the undisputed facts and the law in its opinion granting summary judgment on the legal malpractice claim, and we can add nothing to that judgment. Further, the district court did not err either as to fact or law in the orders dismissing various of the claims either prior to trial or at the close of the evidence. Finally, we find no error in the instructions given to the jury and we find that the record supports the jury's verdicts in all respects.

Finding no merit to the claims raised on appeal, we AFFIRM the judgments of the district court in each of the three cases.